Amos Wheeler et ux. vs. The Hartford, Manches-
ter and Rockville Tramway Company.

First Judicial District, Hartford, March Term, 1908.
Baldwin, C. J., Hamersley, Hall, Prentice and Thayer, Js.

A duly-authorized traffic agreement between two street-railway com-
panies whose tracks formed a continuous line of travel, provided
that the suburban company should deliver its cars and motormen
to the city company at the commencement of the latter's line, that
the city company should thereupon take charge of the cars, through
its own conductors, and haul them into the city and back again to
the point of connection, taking three fifths of all the fares received
for the transportation of passengers upon that part of the route and
turning over two fifths to the suburban company; and that neither
company should be liable for any accident or injury outside of its
own lines. *Held* that there was nothing in the prescribed method
of transportation or in the division of receipts which would make

the suburban company liable, as matter of law, for an injury to a passenger on one of its cars, after the car had been turned over to, and while it was proceeding under the control of, a conductor of the city company, to whose negligent act the injury was attributed.

Argued March 4th—decided April 14th, 1908.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in Hartford County, *Ralph Wheeler, J.;* facts found and judgment rendered for nominal damages only, and appeal by the plaintiffs. *No error.*

*Herbert O. Bowers,* for the appellants (plaintiffs).

*John T. Robinson* and *Olin R. Wood,* for the appellee (defendant).

HAMERSLEY, J. The substantial allegations of the complaint, so far as any question raised by this appeal is concerned, are these : 1. The defendant corporation operates an electric street railway in the town of East Hartford, over the tracks of the Hartford Street Railway Company, and in the operation of its cars over said tracks the defendant runs its cars through Burnside Avenue, Main Street, and Hartford Avenue, in said town. 2. On September 1st, 1904, the plaintiff took passage on one of the cars of the defendant corporation passing over the track of said Hartford Street Railway Company to " Church Corner," so-called, in said town of East Hartford. 3. While the plaintiff was alighting from said car at said " Church Corner," in the exercise of due care, the conductor of said car negligently caused the same to be suddenly and violently started, and by reason of said negligence the plaintiff was thrown to the ground and injured.

The defendant, having suffered a default and asked for a hearing in damages, stated in its notice as to the hearing in damages, that upon the hearing the defendant would offer evidence to disprove paragraphs 1 and 2, and would

offer evidence to prove: (1) that the western terminus of the defendant's tramway tracks and location was at the corner of Church Street and Burnside Avenue in East Hartford, and that the defendant did not operate or run any cars west of said corner; (2) that on the day in question the defendant delivered one of its cars at said Church Street corner to the Hartford Street Railway Company, and that said car was thereupon operated and transported by said Railway Company on the tracks of said Railway Company, and under the sole management of said Railway Company, between said Church Street corner and the city of Hartford; (3) that the plaintiff, after said car had been so delivered, became a passenger of said Hartford Street Railway Company on said car, and as such passenger paid the said Railway Company her fare for her transportation from said Church Street corner to said "Church Corner," so-called, at which place the acts complained of occurred, and that the acts complained of were not the acts of the defendant, its servants or agents.

The trial judge found, upon all the evidence, that the defendant had disproved the allegation of the complaint which stated that the defendant operated an electric street railway in the town of East Hartford over the tracks of the Hartford Street Railway Company and ran its cars over said tracks, and further found that the defendant had proved the facts which, in its notice as to the hearing in damages, it stated it would offer evidence to prove; and also found that while the plaintiff, at the time of her injury, was on a car belonging to the defendant, yet that car was on the track of the Hartford Street Railway Company, hauled by its power, in its use, and under its control; that the conductor through whose negligence the plaintiff claimed to have been injured, was a servant of the Street Railway Company, that the plaintiff paid her fare to this conductor, and at the time of her injury was a passenger of the Street Railway Company, and her contract was with that company.

The plaintiff requested a finding for appeal, and among

the facts set forth in that finding are the following: The western terminus of the line of the defendant was at the corner of Church Street and Burnside Avenue in East Hartford, and at this point the defendant's tracks connected with the tracks of the Hartford Street Railway Company. The defendant and the Hartford Street Railway Company were different and separate corporations, respectively operating under charters granted by the State. The charter of the defendant gives that company no power to construct or operate a street railway system west of the village of Burnside in East Hartford, but the charter did authorize the defendant to make any lawful contract with any connecting company for the transportation of persons received from or delivered to such connecting company, upon such terms and conditions as might be mutually agreed upon between said contracting parties. Pursuant to such authority the defendant made a traffic contract with the Hartford Street Railway Company, which was in force at the time of the plaintiff's injury, a copy of which contract is made a part of the finding. The material provisions (as affecting the relations of the plaintiff and defendant) of that contract are these: The Hartford Company is to haul scheduled cars of the Tramway Company from the point at which its tracks connect with those of the Hartford Company in East Hartford to and from the City Hall in Hartford. The Tramway Company cars are to be under the control of the Hartford Company's conductors while on the Hartford Company's lines, but the motormen on said cars are to be in the service and pay of the Tramway Company. Neither party shall be liable for any accident or damage outside of its own lines, except that the Tramway Company shall be liable to the Hartford Company for all damages arising from the negligence of its servants and for the unsafe condition of its cars and appliances. Cars of the Tramway Company shall be delivered in complete order to the Hartford Company, and they shall be kept by the Tramway Company in neat and clean condition. Three fifths of all fares received for the transportation of passen-

gers upon the Hartford Company's lines shall belong to the Hartford Company; and the hauling of said cars by the Hartford Company upon its lines, and two fifths of all fares, is to be and be deemed a full compensation for the use of the Tramway Company's cars and the service of their motormen, and for travel furnished by said Tramway Company. Accounts are to be adjusted between the companies within the first week of each month, and payment of balances made within ten days thereafter.

The only error assigned in the appeal is the claim that these facts, of themselves and as a matter of law, are necessarily inconsistent with the conclusion reached by the court upon all the evidence : that the car on which the plaintiff was riding when she received her injuries was not then under the control of the defendant; that the conductor was not the servant of the defendant; that the plaintiff was not a passenger of the defendant and her contract was not with the defendant, and that the plaintiff was not entitled to recover substantial damages.

This claim is without solid foundation. There is no occasion to discuss the cases which have considered the liabilities assumed by railroad companies in an agreement in the nature of a traffic contract of wider scope than the one before us, or the liabilities involved when a railroad company operates its own trains upon a track owned and also used by another company. It is certain that this defendant, by loaning its car and the service of the motorman to the Hartford Company, is not charged with liability for injuries to the passengers of the latter, caused by the negligence of that company or of its servants, because the compensation for such loan is a certain sum ascertained through the number of fares collected by the Hartford Company from its passengers who ride in that car while used by it in the operation of its own line. The proposition is self-evident. An essential element of the plaintiff's cause of action, as stated in the complaint, was disproved when the evidence satisfied the trial judge that the defendant did not operate an electric street railway in East Hart-

ford over the tracks of the Hartford Street Railway Company, and did not run its cars over said tracks through Burnside Avenue, Main Street, and Hartford Avenue, in said town. Having found this fact, alleged by the plaintiff as the foundation of her cause of action, to be disproved, the trial judge was bound to assess nominal damages.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.